Well, good morning. This is the case of Christopher C versus the Illinois Gaming Board. Francisco Pizzeri, Richard Ciazzeri, Mark Fiestas, and James Pierce. The three justices hearing this case are Justice Terry Lavin, Mary Ellen Caglin, and James Fitzgerald Smith, myself. The procedures that will follow are the appellant will present his case first for 10-15 minutes. At the end of that, the justices will ask you questions. There will be no interruption. You get to present the whole thing without interruption. Then the justices will ask questions. Following that, Carson, you will have your chance to respond for the 10-15 minutes with no interruption. Then the justices will ask you questions. After that, the appellant will have his chance to close, and then we'll have questions for you then. With that in mind, you may proceed. Thank you. Good morning. May it please the court, my name is John Baker, and I am here today representing the appellant Christopher C, asking that this court reverse a 2-6-19 motion to dismiss that was granted by the Circuit Court of Cook County. Christopher C. was previously employed, and at the time that this complaint was filed, was employed by the Illinois Gaming Board, a public entity in the state of Illinois. In 2017, he filed a federal lawsuit in the Central District of Illinois. Included in that lawsuit were a couple of different claims. There was a constitutional claim brought pursuant to 42 U.S.C. 1983. Also attached to that complaint was a claim brought under the Illinois Officials and Ethics Act. Now, that's an Illinois state law. In response, again, when we filed that complaint, we argued that the district court had supplemental jurisdiction in order to entertain that claim. In response to that complaint, the Gaming Board responded and argued that the state was immune from that claim being brought in federal court under the 11th Amendment. They argued that that particular account should be dismissed because the district court could not entertain such a claim, again, because it was barred by the 11th Amendment. In response to that argument, we didn't object because case law was pretty clear that if the state raised an 11th Amendment issue, that was correct. The district court, the federal district court, could not hear that claim. So we agreed. We stipulated to the dismissal of that claim. Fast forward a couple of years in 2019, and we filed an Ethics Act claim in the Circuit Court of Cook County. When we filed that claim, we had included all the Ethics Act violations that had previously been brought before the Central District of Illinois, and we also included a few additional. When we brought that claim, the Gaming Board filed a motion to dismiss, claiming that it was barred under the grounds of res judicata or collateral estoppel, essentially one of the equitable doctrines that prevents or precludes the re-litigation of claims that could or should have been brought when a claim was originally filed. We objected to that motion, and the Circuit Court granted the motion to dismiss the complaint. When we filed our appeal in this case, we made an argument that based on Illinois law, res judicata and collateral estoppel didn't apply. In researching that, it does seem as though that is correct, that it is federal law that should apply because the judgment that is being given deference is the judgment of the Central District of Illinois. So we agree with that position that they have raised now that it is federal law that applies. The fact that we agree with their position does not, however, mean that we agree with their conclusion. We believe that the claim is that their argument is flawed for many of the same reasons that it was flawed originally. Under these claim preclusion doctrines, these are equitable doctrines. These are doctrines to preclude the hassle and the problem that face defendants when they file multiple claims in multiple jurisdictions. So we had a situation where we brought our claim. We did not intend to engage in claim splitting. We did not intend to engage in forum selection and picking one forum for one claim and another forum for a different. We didn't do that. We wanted to bring them all before the district court. The IGB objected to that, as is their right under the 11th Amendment, and we agreed to that. We moved forward with the federal claims, but these other claims were not decided. In the equitable doctrines, the question is, well, could they or should they have been brought up? Well, we attempted to bring them up, but they were not considered. They couldn't be again because of the 11th Amendment. So in a pure reading of those rules, we believe that there was no opportunity for us to bring those claims. In response to that argument, the state has maintained that there is this doctrine that the federal courts apply on splitting of claims and that that should apply. Again, we disagree with that conclusion, and we disagree for a number of reasons. We go back to the beginning when this is an equitable doctrine. It's intended to preclude us from advancing multiple claims addressing the very same issues. So from an equitable perspective, when the IGB on one hand says, nope, you can't bring that claim here, and we say, okay, they're now trying to use that defense mechanism and turn it into a sword to preclude us from bringing it somewhere else. We don't believe those are what the federal rules governing these equitable remedies suggest. But more importantly, I do believe that the restatement of judgments applies in this particular case. In the comments, and I outlined this in our reply brief, but in the comments, and this is section E to the restatement second of judgments number 25, section 25, comment E, it states, the given claim may find support in theories or grounds arising from both state and federal law. When the plaintiff brings an action on the claim in a court, either state or federal, in which there is no jurisdictional obstacle to his advancing both theories or grounds, but he presents only one of them, and judgment is entered with respect to it, he may not maintain a second action in which he tenders the other theory or ground. If, however, the court in the first action would clearly not have had jurisdiction to entertain the omitted theory or ground, or having jurisdiction would clearly have declined to exercise it as a matter of discretion, then a second action in a competent court presenting the omitted theory or ground should be held not precluded. And that's exactly what happened here. The district court had jurisdiction. It could have had jurisdiction in the claim that we brought, the federal lawsuit that we brought. They could have had jurisdiction. However, that was objected to by the Illinois Gaming Board. Once the Illinois Gaming Board advanced its objection under the 11th Amendment, we relented and we dropped that claim. So for those reasons, we believe that this is almost an exact parallel, and that the Circuit Court of Cook County erred when it dismissed the case on those grounds. So for that reason, I would ask and we would ask that this court remand the case back to the Circuit Court of Cook County for further proceedings. And I thank you very much. Questions? Yeah, I have a few. First of all, do you agree that all three causes of action could have initially been filed in state court? Yes. Why did you not foresee the possibility of the 11th Amendment defense when you filed the case in federal court? Justice Levin, as we point out in our initial brief, there are a number of times when the court or when the state of Illinois has not actually invoked the 11th Amendment. There are a number of federal decisions that were that very issue. The Ethics Act claim is presented. And so because there are times where they have accepted it and times where they haven't, we had no idea whether they would or would not in this particular case. It was a thought that they might, but there was no guarantee that they might because other times they have waived that. And whether they waive it or not, that's up to them. Yeah, well, why didn't you just initially file the case in state court? We didn't file the case in state court because it primarily addressed federal issues, addressed federal constitutional issues. And we believe that the federal court was the more appropriate place for those issues to be addressed. I don't know. You're just now, it seems to me, in this appeal, coming to the understanding that federal law controls the issue. So I don't know how you couldn't say that, how you cannot defend not filing it in state court initially. Well, I disagree with you, Justice Lavin. The reality is when the motion was filed to dismiss this case, it was the IGB who insisted that it was state law that applied, not us. So the idea that federal law applies only was addressed by Mr. Griffiths in his response to our brief. So that's the first time that I believe we have heard that argument. I have a question. Several times I experimented by filing a case in federal court and there was a series of counts. Once they struck one, I withdrew the whole case and brought it in circuit court. Why did you elect to proceed in both arenas then? That's kind of dangerous. Well, Justice Smith, I don't know that I agree that it's dangerous. I mean, this is certainly not the first time that I have done this this way. I think that it was appropriate to do it this way. And I don't believe that the rules in any way preclude it. Again, we wanted to be in federal court for one claim. We want to be in federal court for the whole time. But the state objected to that. And again, applying the federal rules of claim preclusion here, it doesn't bar it. I mean, the restatement of judgments 25 makes it clear that this is not barred. Any other questions? None for me. I have no questions. Okay. Arson, you may proceed. Thank you. Thank you, Your Honor. May it please the court. Assistant Attorney General Carson Griffiths on behalf of defendants. Christopher C. could have brought his Ethics Act claim along with all of his federal claims as he recognizes today in Illinois circuit court. He did not and chose instead to file suit in federal district court where his Ethics Act claim was barred by the 11th Amendment. As a result of that decision, race judicata now precludes him from pursuing that Ethics Act claim in state court. Under federal law, if there is a forum where a plaintiff can combine all of his claims into one lawsuit, the plaintiff must file his lawsuit in that forum or else risk the possibility that one of the claims he does not bring or that faces a jurisdictional bar will be barred subsequently by race judicata. Again, Mr. C. did not do that. And instead of filing suit in Illinois circuit court, which would have had jurisdiction over the Ethics Act claim and concurrent jurisdiction over his Section 1983 and ADA claims, he elected to file suit in federal district court. In doing so, he split his claims, and his claim splitting would only be permissible if he was forced to do so, because one forum had exclusive jurisdiction over one claim but lacked jurisdiction to consider the others. For example, in Carver v. Nall, the plaintiff there filed an unfair labor practice charge before the Illinois State Labor Relations Board, and then the board rendered a decision, and the plaintiff subsequently brought a Section 1983 suit. There, the Seventh Circuit held claim preclusion did not apply and did not bar the 1983 suit because only the board could consider the unfair labor practice charge, and it had no jurisdiction over his other claim. So effectively, the plaintiff had to go to the board first, get the charge resolved, and then proceed to federal court and get his 1983 claim resolved. That's not the case here, because as Mr. Baker recognized today, he could have filed this lawsuit all along, all three claims in Illinois circuit court. The circuit court therefore correctly dismissed Mr. C.'s complaint, albeit on a different basis. And Mr. C.'s arguments on appeal don't warrant reversal. In his opening brief, he cites mostly Illinois preclusion law, which he now concedes is inapplicable. And as to Mr. Baker's point that defendants somehow led him into believing that Illinois law applied, first, I would note that his reply brief doesn't argue waiver or forfeiture of choice of law, which I don't believe is an issue that can be waived or forfeited. It's a legal question, and this court's on de novo review. But in any event, if you look at the motion to dismiss and the memorandum in support of that motion to dismiss, yes, there is Illinois case law cited, but defendants also did argue that the dismissal was a dismissal on the merits under the federal rules of civil procedure, specifically Rule 12b-6. So although there was Illinois case law cited, it wasn't as though defendants argued anything that would stop them from arguing that federal law applies here. And again, Mr. C doesn't argue a stop or waiver or any other basis by which this court could conclude that our argument that federal law apply is waived. Mr. C also cites Section 25, Comment E and Section 26-1C of the Restatement of Judgments. But those sections don't directly speak to his claim splitting here. And in fact, the Seventh Circuit in Wade, in Humphrey, and the other case law cited in our brief actually considered those sections in crafting its rule, requiring plaintiffs to file their lawsuits in forums with the broadest possible jurisdiction. So although Mr. C cites those sections, the Seventh Circuit's interpreted those sections in Wade and his progeny. Mr. C also cites the Supreme Court's decision in Lapides in his reply brief, arguing that it would be unfair to apply res judicata here. But Lapides didn't have anything to do with res judicata. It involved the state's removal of a claim to federal district court and simply held that that removal operated as a waiver of an Eleventh Amendment defense. And also, there was no removal in this case. Again, Mr. C chose to file suit in federal court. Defendants didn't force him into federal court by removing it at all. And also, as to the points of equity Mr. Baker raised, there's nothing unfair about applying res judicata here. Again, C made a decision to file suit in federal court. And res judicata is a doctrine of defendant's protection, and it promotes judicial economy. Defendants shouldn't have to defend against duplicative Ethics Act claims in both federal and state court. And Illinois courts shouldn't have to resolve a dispute about facts that were at issue in a federal district court case that's now gone to final judgment. I'd also like to point out that Mr. C argues it's unfair in this case to apply res judicata because he did not intend to engage in claim splitting. First of all, there's no intent requirement for the application of res judicata. And secondly, he has said today an argument that he did make a strategic choice in filing in federal district court. He thought that the federal district court should hear the federal claims, which he thought were more important than the state claim. That's claim splitting. There's no other way to describe it other than he made a choice, and now that choice has consequences. And lastly, the notion that defendants are using res judicata as a sword is incorrect. Again, defendants are using it as a shield after they've already defended against Mr. C's federal lawsuit to final judgment from having to relitigate a claim when everything should have been brought in the first instance in Illinois circuit court. And I apologize, I know I said lastly, but one other point. Justice Smith is correct that Mr. C had the option here of voluntarily dismissing all of his claims in federal court and refiling in circuit court. Under federal rule of civil procedure 41, that would not have been an adjudication on the merits. But by leaving the claims pending and going to final judgment, now res judicata applies. So I'm happy to answer any questions your honors have. Questions? I just have one, and you may have responded to it effectively, but why don't you respond to Mr. C's contention that, quote, it was not C who sought to split his claim. It was the defendants. Again, your honor. I think that Mr. C had two options available to him. He could have filed all of his claims together in circuit court, but he didn't do that. And he chose to file in federal district court because, as Mr. Baker recognized, there's a possibility that defendants might have waived their 11th Amendment defense. So essentially, he wanted to test the waters and see if we if our office would waive that defense. We did not. We asserted it. And now he's trying to bring that claim in a forum in a new form in a new case. That seems to be a textbook definition of claim splitting. And defendants didn't ever force Mr. C's hand. They simply asserted a meritorious defense to his federal Ethics Act claim. That's all I have. I have one question to follow up to Justice Smith's question and your comments, counsel. Could he have dismissed his federal claims after the state filed the motion to dismiss? What's the frame frame with respect to how long he got to go back to the state court? Well, I think if in response to the motion to dismiss, Mr. C said, I'm voluntarily dismissing the entire action. That would be a different circumstance than what he did here, which is concede that it was barred by the 11th Amendment and allow the district court to dismiss it on the merits of the 11th Amendment defense. But it's your position that he could have voluntarily dismissed those claims upon the filing of the motion to dismiss. Yes, I believe that. Well, I don't want to say necessarily upon the filing of a motion to dismiss. There's also the district court would have had discretion in deciding whether to allow him to do that. And maybe the pending motion to dismiss would have prevented that. But I would say that certainly before the motion to dismiss was filed, if Mr. C recognized the 11th Amendment barred the Ethics Act claim, he could have voluntarily dismissed the whole thing because the first voluntary dismissal under the federal rules of civil procedure wouldn't have been on the merits. Thank you. Any further questions? Nope. Thank you, Your Honors. And you may proceed. Thank you. Just a couple of points. And as far as our ability to withdraw the entire complaint and refile in state court, I can't remember the timing of this right now. But we did have an Americans with Disabilities Act claim that was part of our underlying claim with the federal court. And when we file that, you only have once you're given a notice of right to sue under that claim, under that statute, you only have 90 days in which to file your lawsuit. And again, this was not an issue that was briefed below in circuit court. So I don't know and I don't have the full record from the federal court in front of me. But it certainly is possible that we could not have brought that ADA claim once the motion to dismiss had actually been filed because it would have been time barred under that 90-day statute. Again, I don't know that was not addressed by the circuit court. It was not raised. I want to raise this issue of what law was presented by the IGB below. The IGB argued below that it was state law that applied in res judicata and collateral estoppel to this particular issue. That's what they argued. And in fact, you can read the decision from the circuit court, and it's clear that their decision on res judicata cites to state law, not to federal law. The first time the question of whether federal law applied to the issue of res judicata came in this particular proceeding. We don't dispute that it does. And Mr. Griffiths is correct. We have not argued that that should be forfeited or barred because I don't think it makes any sense. If the court were to reverse because they forfeited that argument, we just go back and they file a motion for summary judge at making the same thing. So I don't want to do something that is pointless. But I do think that that needs to be understood. The third thing that I would like to address is this Humphreys decision that they rely so heavily upon. And I believe that that is very, very different. That claim is very different, and we've outlined the differences in it in our brief. And again, if one reads the comments to the restatement second of judgments, it makes it clear. If a district court declines jurisdiction or having jurisdiction, we clearly have declined to exercise it. We're not barred from bringing the second claim. We're not under federal law. We're just simply not barred from doing it. And so the suggestion that we should be barred is not based upon federal law. And so for that reason, we would ask that the court reverse. Thank you. Anything further? No. I have no questions. Normie, I wish to thank you both. You sent me back to law school on this one. I hadn't seen this in a long time. And I had to read a lot of cases. So it was kind of fun and interesting. I appreciate your hard work. And thank you for your time. Have a good day. Thank you all. We'll let you know as soon as we discuss it. Thank you.